**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

_____
                                    )
In re:                              )
                                    )   Chapter 7
TRI-VALLEY CORPORATION, et al.,[1]  )
                                    )   Case No. 12-12291 (MFW)
                    Debtors.        )
_____)
                                    )
CHARTIS SPECIALTY INSURANCE         )
COMPANY,                            )
                                    )   Adv. Pro. No.: 12-51243 (MFW)
                    Plaintiff,      )
                                    )
v.                                  )
                                    )
TRI-VALLEY CORPORATION and LUNA     )
& GLUSHON,                          )
                                    )
                    Defendants.     )
_____)

**STIPULATION MODIFYING SCHEDULING ORDER**

Charles A. Stanziale, Jr., in his capacity as chapter 7 trustee ("Trustee") of Tri-Valley Corporation ("Tri-Valley"), Tri-Valley Oil & Gas, Co. and Select Resources Corporation, Inc. (collectively, the "Debtors"), Chartis Specialty Insurance Company ("Plaintiff"), and Luna & Glushon ("L&G" and collectively with the Trustee and Plaintiff, the "Parties") hereby stipulate as follows:

1. Pursuant to Paragraph 8 of the *Scheduling Order* [Adv. D.I. 16], the Parties hereby acknowledge and agree that this *Stipulation Modifying Scheduling Order* ("Stipulation") modifies Paragraphs 3-6 of the Scheduling Order.

2. Paragraph 3 of the Scheduling Order is hereby modified to provide as follows:

---

[1] The Debtors in these Cases, along with the last four digits of each Debtor's federal tax identification number, are Tri-Valley Corporation (5250), Tri-Valley Oil & Gas Co. (7433), Select Resources Corporation, Inc. (0386), and TVC Opus I Drilling Program, L.P. (0334).

139967.01600/40209735v.1

Written fact discovery (i.e., requests for the production of documents, interrogatories and requests for admission) may be served from and after **November 15, 2013**, and shall be initiated so as to be completed by **February 14, 2014;** provided, however, that the chapter 7 trustee ("Trustee") for Defendant Tri-Valley Corporation and Plaintiff shall respond to Defendant Luna & Glushon's initial written discovery requests by January 6, 2014; provided, further, however, that Plaintiff and Trustee shall serve initial written discovery requests, if any, by December 20, 2013.

3. Paragraph 4 of the Scheduling Order is hereby modified to provide as follows:

Fact depositions may be noticed for a date on or after **February 14, 2014**, and shall be noticed so as to be concluded by **March 11, 2014**.

4. Paragraph 5 of the Scheduling Order is hereby modified to provide as follows:

The parties shall identify any expert witnesses and the topics about which those expert witnesses may testify by **March 25, 2014**. Any expert report required pursuant to Fed. R. Civ. P. 26(a)(2)(B) shall be served by the party which bears the burden of proof for that issue, by **April 8, 2014**. Any expert report intended to rebut any other expert report shall be provided by **April 28, 2014**. All expert reports shall provide the information required by Fed. R. Civ. P. 26(a)(2)(B). All expert discovery shall be completed, and all discovery shall close, by **May 12, 2014**.

5. Paragraph 6 of the Scheduling Order is hereby modified to provide as follows:

All dispositive motions shall be filed and served by **May 26, 2014**, and shall be subject to Rule 7007 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware; provided, however, that if no expert witnesses or topics about which expert witnesses may testify are identified, all dispositive motions shall be filed and served by **April 8, 2014**.

6. Except as specifically amended herein, this Stipulation shall not by implication or otherwise alter, modify, amend or in any way affect any of the terms, conditions, obligations, covenants, or agreements contained in the Scheduling Order, all of which shall remain in full force and effect.

ACKNOWLEDGED AND AGREED:

**FORAN GLENNON PALENDECH PONZI & RUDLOFF**

___/s/ John Eggum_____
Susan N.K. Gummow, Esquire
John Eggum, Esquire
222 N. LaSalle Street, Suite 1400
Chicago, IL 60601

and

**DILWORTH PAXSON LLP**

Jesse N. Silverman, Esquire
1500 Market Street, Suite 3500E
Philadelphia, PA 19102

*Counsel for Plaintiff Chartis Specialty Insurance Co.*

ACKNOWLEDGED AND AGREED:

**BLANK ROME LLP**

___/s/ Stanley B. Tarr_____
Michael D. DeBaecke (DE No. 3186)
Stanley B. Tarr (DE No. 5535)
1201 N. Market Street, Suite 800
Wilmington, DE 19801

*Attorneys for Luna & Glushon*

ACKNOWLEDGED AND AGREED:

**MCCARTER & ENGLISH, LLP**

___/s/ Kate R. Buck_____
Eduardo J. Glas, Esquire
245 Park Avenue, 27th Floor
New York, New York 10167

and-

William F. Taylor, Jr., Esquire
Kate R. Buck, Esquire
McCarter & English, LLP
405 N. King Street, 8th Floor
Wilmington, DE 19801

*Counsel for Trustee, Charles A. Stanziale, Jr.*

139967.01600/40209735v.1